The certiorari which was awarded in this case by the Supreme Court was sued out by the relators for the purpose of determining the constitutional validity of the act of the Congress of the United States, passed on the 25th day of February, 1862, which in terms exempts the stock of the United States from taxation under the authority of the several States. The language of the provision is as follows:
"§ 2. All stocks, bonds and other securities of the United States, held by individuals, corporations or associations within the United States, shall be exempt from taxation by or under State authority." (Acts, 1861-'2, p. 346.)
It appears from the return to the writ, and from statements furnished by the relators, that the Bank of Commerce possessed, as the investment of its capital, at the time fixed by law for ascertaining the property of the citizens and corporations liable to taxation for the year 1862, the amount of $7,341,265 of the stock of the public debt of the United States, and that $5,946,265 of such stock had been issued by the proper officers of the Government prior to the passage of the above-mentioned act of Congress, and that the residue, being $1,395,000, was issued after the said act had become a law. The defendants had assessed the whole of this stock as a part of the taxable property of the relators. Their counsel contended before the Supreme Court, as they have done upon the argument of this appeal, that the whole of that stock was exempt from taxation by force of the Constitution of the United States; but if the judgment of the court should be adverse to them on that proposition, then they insisted that it was certainly exempt by the terms and effect of the aforesaid act of Congress. The Supreme Court, following the judgment of this court pronounced in the case of The People, onthe relation of the Bank of The Commonwealth, v. The SameDefendants (23 N.Y., 192), rejected the claim to exemption, as based upon the constitutional provision alone; but they held that the act of Congress was a constitutional exercise of the authority of the Federal legislature in respect to the stocks issued subsequently to the enactment of that statute, but that as to stocks already issued, and which *Page 165 
were in the hands of individuals when it was passed, it had no constitutional effect or validity; and that such last mentioned stocks were assessable, and that the holders and owners thereof were taxable thereon notwithstanding the said act. The relators have appealed from so much of that judgment as was adverse to their claim; but it does not affirm that the commissioners of taxes and assessments have appealed from any part of the judgment.
The appeal does not, therefore, present for determination any question respecting the stocks issued after the act of Congress had taken effect; and as to that portion of the judgment of the Supreme Court, we adhere to the course adopted upon the former occasion referred to, of refraining from any expression of opinion upon any point which it is not our duty or our right to decide.
Upon the question actually before us, we concur in the conclusion arrived at in the Supreme Court, and mainly for the reasons stated in the opinion of the majority of the judges of that court.
Conceding, for the purpose of the argument, and for that purpose only, that it is within the competency of Congress to provide, as a part of a scheme for effecting loans upon the national credit, that the money which should be so lent by individuals or corporations should, by that act of lending, be thereafter exempted from the burden of State taxation, we are of the opinion that the power to enact such a provision can only result from the express power conferred upon the General Government to borrow money upon the credit of the United States. That authority, equally with the other express powers conferred upon Congress, carries with it the right to make all other laws which shall be necessary and proper for carrying such authority into execution. If the exemption of the scrip, or evidence of indebtedness, or the money represented by it, from State taxation, be a necessary or proper measure for obtaining funds for public objects by way of loan, within the true sense of the Constitution, it is because it will facilitate and render more effective and available the exercise of the *Page 166 
express power to borrow money on the credit of the United States. But the loans to which it is now sought to annex the exemption were effected, and the money borrowed was parted with by the lenders, and was received by the Federal Government, wholly without the influence of any such provision. The power to borrow that money had been fully executed, and the power itself, as to those loans, had been entirely exhausted. The lenders had not required the advantage which the act holds out to capitalists as an inducement to part with their funds, but had been content to invest them in the credit of the Government. The conferring of an exemption from State taxation upon such lenders, after the loans had been consummated, seems to us to be an advantage conferred gratuitously upon them, not indeed at the expense of the General Government, but at the expense and in derogation of the authority of the Governments of the States.
It is scarcely necessary to say, because the proposition is irresistibly plain, that the arrangements of State taxation, and the distribution of its burdens upon the property of the citizens, are matters wholly of State concern, with which the General Government has ordinarily no authority to intermeddle, unless it shall be necessary and proper to do so in order to carry into execution some substantial power conferred by the Constitution upon the National Government. We conceive that there cannot be any necessity or propriety, or even any convenience or advantage to the public, in exempting the holders of the evidence of indebtedness in respect to Federal loans negotiated and consummated when no such exemption existed. We are, therefore, of opinion that the judgment of the Supreme Court, in the respect in which it is appealed from, is right, and ought to be affirmed, and it is accordingly affirmed.
All the judges concurring,
Judgment affirmed. *Page 167